UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMIYA GAINES,<br><br>    Plaintiff,<br><br>    v.<br><br>STANFORD HEALTH CARE, et al.,<br><br>    Defendants. | Case No. 4:15-cv-05631-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 6 |

On October 13, 2016, Plaintiff Tomiya Gaines's counsel Kevin A. Seely, Robbins Arroyo LLP, filed a motion to withdraw as counsel in light of the written agreement with Plaintiff that counsel would not continue to represent her if the Government declined to intervene in the qui tam action. (Mot., Dkt. No. 6 at 2; Decl. of Kevin A. Seely, "Seely Decl.," Dkt. No. 7 ¶ 2.) Mr. Seely states that Plaintiff has communicated her understanding that he will no longer serve as counsel, that she intends to pursue the action, and has attempted to retain new counsel. (Seely Decl. ¶¶ 10-11.) On October 3, 2016, Plaintiff emailed Mr. Seely and requested that he withdraw. (Seely Decl. ¶ 12.) The motion was filed shortly thereafter.

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."

The local rules further provide that if the withdrawal is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, the motion to withdraw may be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or pro se. Civil L.R. 11-5(b).

In light of the foregoing, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and GRANTS IN PART AND DENIES IN PART Counsel's motion to withdraw.  Specifically, the motion for conditional withdrawal is GRANTED, but Counsel's request to have all pleadings served on Plaintiff directly is DENIED.  Pursuant to Civil Local Rule 11-5(b), all "papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel . . . ."

Plaintiff is advised that, unless she is an attorney licensed to practice law in the Northern District of California, she cannot prosecute this case as a pro se litigant. *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007).  As a *qui tam* relator in a False Claims Act action, Plaintiff is also representing the United States, and binding the Government to any adverse judgment. *Id.*  Thus, the failure to obtain new counsel would require that the case be dismissed. *Id.* at 1128.  Accordingly, Plaintiff shall obtain new counsel and file a notice of appearance on or before **February 10, 2017**.  Any failure to timely retain substitute counsel will result in the dismissal of the case without prejudice. *Id.*

Mr. Seely shall serve this and all other orders on Plaintiff until new counsel is obtained, and shall file certificates of service on the docket.

IT IS SO ORDERED.

Dated: November 9, 2016

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge